[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a one count complaint alleging negligence against the defendant DUBL M Enterprises, Inc. (defendant) in that defendant did not properly inspect the subject premises prior to the purchase of the property by the plaintiffs.
Richard Warren, the house inspector and defendants' agent, inspected the premises on March 15, 1993. Warren testified that the plaintiffs asked him to view the property for termites, which he did. He further testified that he saw no visible evidence of termite infestation, never observed any "mud tubes" or any destruction due to termite infestation. He further testified that the inspection opted for by the plaintiffs was a "limited time inspection" rather than a warranty inspection. Also, testified that he spent about two hours on his inspection, and billed and was paid on an hourly basis. An extended warranty inspection, according to Warren, would take about twelve hours. CT Page 7577
In his inspection report, Warren indicated his inability, because of snow and inaccessible crawl spaces, to fully visually inspect the entire premises. Further, he observed, that certain areas showed sings of rot and possible infestation.
The evidence at trial further revealed, and the court could properly conclude, that the plaintiff also never saw any visible signs of termite infestation during his several trips to the premises. Also, the real estate agent, in his preparation for an appraisal for mortgage purposes, indicated he saw no evidence of infestation.
In June, 1993, the plaintiff hired Mark Moore, a Connecticut licensed exterminator, to view and examine the premises. This witness was presented to the court as plaintiffs' expert witness. He testified that a very severe situation existed and that he did not agree with Warren's report. Further, it was his expert opinion that Warren did not exercise the care required of inspectors and was, therefore, negligent in his inspection.
Plaintiffs' other expert witness, Ronald Rennert, a consulting structural engineer, testified that he was hired by the plaintiffs in June, 1993, to inspect the premises. He met with the plaintiff and on June 23, 1993 immediately noticed a termite mud tube. Subsequently, he observed other mud tubes, all of which were readily observable without disruption of any of the building's timbers. He also testified that he also observed damage from infestation. His expert conclusion was the same as Moore's, i.e., the proper care expected of inspectors for visible signs of infestation was not done.
Both Moore and Rennert concluded that Warren was negligent in his reporting of the condition of the home relative to termite infestation.
Rennert advised the plaintiffs that the damage was so extensive that the building was structurally unsound and should be razed.
The plaintiffs' claim for damages are as follows:
a. Permits and renovation work $ 775
b. Structural engineer services 2090 CT Page 7578
c. Razing of building 5000
d. Additional rental 15,500
e. Diminution in value 36,179
TOTAL $59,344
The evidence revealed that the defendant was never notified that the building was going to be razed, and, therefore, never had the opportunity to remedy the problem.
The court concludes from the evidence that the defendant was negligent in its failure to use reasonable care in conducting the inspection and evaluation for visible damage and/or infestation. The evidence of the experts that the building was rife with visible signs of infestation convinces this court that a proper inspection was not conducted. The disclaimer argument is equally unavailing.
Although the plaintiff had the opportunity to read the contract with the disclaimer language, no effort was made to explain the extent of the inspector's obligation. The disclaimer also appears to cover those items which cannot be detected without probing. The report covers only "visible and accessible elements on the house." Surely, there was ample evidence introduced at trial of visible infestation.
The greater problem which this court must address is the element of damages. There appears to have been a rush to raze the building without a determination of what could be done to save the structure. There was also no effort made to give the defendant an opportunity to remedy whatever damage there was on the property.
The court concludes that the defendants' inspector failed to identify overt structural defects caused by infestation and visible signs of infestation. The plaintiffs presented experienced, expert witnesses who testified as to the apparent, visual defects. The only conclusion which this court can reach is that the defendants' inspector was negligent in failing to identify these defects.
Damages resulting from a party's negligence, however, are limited to that which should be reasonably foreseeable. In this CT Page 7579 case the plaintiffs are entitled to the following:
a. $775 for permits and renovation work.
b. $2090 for services of the structural engineer.
c. $17,000 cost to repair.
The court, therefore, finds for the plaintiff to recover from the defendant the sum of $19,865 reduced by $11,000, having been previously recovered from John Klopfenstein.
This amount of $8965 shall have legal interest added from July 30, 1993.
Mihalakos, J.